**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLA ARAMOUNI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DATAVAULT AI INC., BRETT MOYER, NATHANIEL T. BRADLEY, and GARY WILLIAMS,<br><br>Defendants. | Case No.: 2:26-cv-05548-JS<br><br>CLASS_ACTION |

**MEMORANDUM IN SUPPPORT OF MOTION OF JUN MAI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

PROCEDURAL HISTORY .......... 4

ARGUMENT .......... 4

I. APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE .......... 4

A. The Procedural Requirements Pursuant to the PSLRA .......... 4

B. Movant Is the "Most Adequate Plaintiff" .......... 5

1. Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff. .......... 5

2. Movant Has the Largest Financial Interest in the Action. .......... 6

3. Movant Satisfies the Requirements of Rule 23. .......... 6

i. Movant's Claims Are Typical of the Claims of All Class Members. .......... 7

ii. Movant Will Adequately Represent the Class. .......... 8

II. APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE. .......... 9

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases**

*Baldwin v. Net 1 UEPS Techs., Inc.*,
No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522 (S.D.N.Y. Mar. 25, 2020) .............. 11

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir.2006) .................................................................................... 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .................................................................................. 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................... 6, 7, 8, 9

*City of Roseville Employees' Retirement System v. Horizon Lines Inc.*,
No. 08-969, 2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009) ........................................ 5

*Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) .................................................................................. 9

*Cortese v. Radian Group, Inc.*,
No. 07-3375, 2008 U.S. Dist. LEXIS 6958 (E.D. Pa. Jan. 30, 2008)....................................... 7

*E-Trade Financial Corp. Sec. Litig.*,
No. 1:07-cv-08538-JPO-MHD (S.D.N.Y.)................................................................... 10

*Gábor v. Transocean Ltd.*,
No. 24 Civ. 9964 (AT), 2025 U.S. Dist. LEXIS 77701 (S.D.N.Y. Apr. 23, 2025)................. 10

*Gilbert v. Azure Power Glob. Ltd.*,
No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022).............. 11

*Hassine v. Jeffes*,
846 F.2d 169 (3d Cir.1988) .................................................................................... 7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
148 F.3d 283 (3d Cir.1998)..................................................................................... 8

*In re QuantumScape Sec. Litig.*,
No. 3:21-cv-00058-WHO (N.D. Cal.) ....................................................................... 10

*Quinn v. Ready Capital Corp.*,
No. 25 Civ. 1883 (PAE), 2025 U.S. Dist. LEXIS 129653 (S.D.N.Y. July 8, 2025) ................. 2

*In re Tesla, Inc. Securities Litigation*,
No. 18-cv-04865-EMC (N.D. Cal.) ......................................................................... 11

*In re U. S. Steel Consolidated Cases,*
No. 2:17-cv-00579-CB (W.D. Pa.) .......... 10

*White v. Nano-X Imaging Ltd.*,
No. 20-CV-4355 (WFK)(MMH), 2022 U.S. Dist. LEXIS 143105 (E.D.N.Y. Aug. 10, 2022) .......... 11

**Statutes**

15 U.S.C. § 78u-4 .......... *passim*

**Rules**

Fed. R. Civ. P. 23 .......... *passim*

Jun Mai ("Movant") hereby moves for an order: (1) appointing Movant as lead plaintiff in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel.

**PRELIMINARY STATEMENT**

This is a federal class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Datavault AI Inc. ("Datavault AI" or the "Company") securities between September 4, 2024 and October 30, 2025, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The Action was filed against the Company, Brett Moyer ("Moyer"), Nathaniel T. Bradley ("Bradley"), and Gary Williams ("Williams") (collectively "Defendants", and defendant other than the Company, "Individual Defendant"), and is pending in this Court. On August 6, 2026, the first notice that a class action had been initiated against Defendants was published on *PRNewswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of Vincent A. Coppola at Exhibit C. Movant has timely filed this motion and seeks appointment as lead plaintiff.

As described in the certification and loss chart attached to attorney Coppola's Declaration as Exhibits A and B, respectively, Movant has suffered losses of approximately $62,321.21 due to his purchases of Datavault AI securities during the proposed Class Period. To the best of his knowledge, Movant sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification also demonstrates his intent to serve as lead plaintiff in this litigation, including his cognizance of the duties of serving in that role. Movant fully understands his duties and responsibilities to the Class, and is willing and able to oversee counsel's vigorous prosecution of the Action. As a result, Movant satisfies the applicable requirements of both the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. Movant is thus to be accorded a presumption of being the "most adequate plaintiff."

Movant's selection of Levi & Korsinsky, LLP as Lead Counsel should also be approved. Levi & Korsinsky is a nationally recognized law firm with decades of experience representing shareholders in high-stakes securities and class action litigation. The firm routinely represents shareholder classes in cases throughout the country. The firm is routinely noted as having the skills and qualifications necessary to serve as lead counsel. *See*, *e.g.*, *Quinn v. Ready Capital Corp.*, No. 25 Civ. 1883 (PAE), 2025 U.S. Dist. LEXIS 129653, at *10 (S.D.N.Y. July 8, 2025) ("Having reviewed the [Levi & Korsinsky's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, . . . the Court finds it well qualified to serve as lead counsel."). As such, Movant's decision to retain Levi & Korsinsky further demonstrates his adequacy at this stage of the proceedings.

## STATEMENT OF FACTS[1]

Datavault AI purportedly owns and operates data management platforms including its Datavault Platform, on which users may purchase or sell data tokenized using blockchain

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Aramouni* Complaint") filed in the action styled *Aramouni v. Datavault AI Inc., et. al.,* Case No. 2:26-cv-05548-JS (the "*Aramouni* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Aramouni* Complaint. The facts set forth in the *Aramouni* Complaint are incorporated herein by reference.

technology. ¶ 2. The Company claims that the Datavault Platform enables "organizations [to] turn data into a strategic asset." *Id*.

Defendants made materially false and misleading statements throughout the Class Period regarding the Company's business, operations, and compliance policies. ¶ 8. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants had overstated the economic value to Datavault AI of its various corporate partnerships with, *inter alia*, Burke, Scilex, and Nature's Miracle; (ii) Defendants had overstated the volume of trading activity on the Datavault Platform, which was in fact minimal; (iii) the Company's undisclosed connections with Withrow, a convicted felon, when revealed, would cause Datavault AI to incur reputational harm; (iv) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id*.

On October 31, 2025, Wolfpack Research published a short report on Datavault AI (the "Wolfpack Report"). ¶ 9. The Wolfpack Report alleged, among other things, that Datavault AI was a "stock promotion" that relied on misleading press releases and "empty claims" concerning artificial intelligence, quantum computing, Web 3.0, and data monetization. *Id*. Wolfpack further alleged that (i) Datavault AI's press releases were filled with promotional buzzwords that did not reflect the Company's actual business operations, (ii) Datavault AI's previously announced purported partnerships could not offer the economic upside that Defendants claimed they would, (iii) Burke's contracts concerned "run-of-the-mill equipment such as hoses, piping, fuses, and electrical connectors," undermining Datavault AI's claim that it was "uniquely positioned to deliver" solutions, and (iv) both Scilex and Nature's Miracle lacked the resources to fulfill their purported commitments pursuant to the partnerships Datavault AI had announced. *Id*. The Wolfpack Report also questioned the activity on the Company's blockchain marketplace, alleging

that Datavault AI's platform had virtually no trading activity. *Id*. Further, the Wolfpack Report raised concerns about Datavault AI's leadership and affiliations, including Defendant Bradley's past SEC charges for false statements concerning Parallax and Company leadership's alleged connections with convicted felon Withrow, through both Data Vault Holdings and Parallax. *Id*.

In response to this news, Datavault AI's stock price declined or $0.49 per share, to close on October 31, 2025 at $2.03 per share. ¶ 10.

## PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Aramouni* Action against the Defendants. Plaintiff Carla Aramouni ("Aramouni") commenced the first-filed action on August 5, 2026.[2] The following day, counsel acting on Aramouni's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Declaration of Vincent Coppola, Ex. C ("Press Release").

## ARGUMENT

### I. APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

#### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *PRNewswire* on August 6, 2026. *See* Coppola

[2] On September 25, 2026, another action was filed against Datavault AI in this district, entitled *Zeng v. Datavault AI, Inc., et al*., Case No. 2:26-cv-07424 (the "*Zeng* Action"). While the *Zeng* Action alleges violations of the Exchange Act, it does so on behalf of a different class of shareholders, *i.e.*, shareholders who purchased common stock between September 4, 2024 and August 18, 2026, inclusive. Movant reserves all rights to oppose any requests for consolidation if/when presented.

Decl., Ex. C. This notice announced that applications for appointment as lead plaintiff had to be made within 60 days from that date. As the PSLRA notes, after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the Action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted." *City of Roseville Emples' Retirement Sys. v. Horizon Lines Inc.,* No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *4 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice...
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. Movant Is the "Most Adequate Plaintiff"

#### 1. Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.

Movant has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on October 5, 2026. Moreover, Movant has sustained a substantial loss from his investment in Datavault AI securities and has shown a willingness to represent the Class. Movant has signed a

certification detailing his transactions information during the Class Period. *See* Declaration of Vincent Coppola, Ex. A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular basis prior to every major litigation event and direct the course of litigation with the benefit of counsel's advice.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Lead Counsel Levi & Korsinsky, LLP is attached as Exhibit E to attorney Coppola's Declaration.

### 2. Movant Has the Largest Financial Interest in the Action.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, Movant (with losses of approximately $62,321.21) has the largest known financial interest in the relief sought by the Class. *See* Coppola Decl., Ex. B.

### 3. Movant Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Federal Rule of Civil Procedure 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima facie* showing is required by Movant. *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

#### *i. Movant's Claims Are Typical of the Claims of All Class Members.*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the relevant inquiry is whether the circumstances of the movant or movants with the largest losses are "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant,* 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).

In this case, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant purchased Datavault AI securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, Movant and all Class Members suffered damages as a result of these purchases. Movant and the Class all (1) purchased Datavault AI securities during the Class Period (2) at artificially-inflated prices as a result of the material misrepresentations and omissions, and (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *5-6 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Datavault AI securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301

(3d Cir.2006), Movant is not subject to any unique or special defenses. Movant thus satisfies the typicality requirement of Rule 23.

***ii. Movant Will Adequately Represent the Class.***

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether: (1) there are any conflicts between the interests of the Movant and other members of the Class; (2) the Movant is an adequate representative of the Class; (3) Movant's interests are clearly aligned with the interest of members of the putative Class; and (4) there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 (Courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

Movant's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon the large financial loss he has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's similar interest with the members of the Class, clearly shows that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected law

firms that are highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23, but also has sustained the largest amount of losses, Movant is presumptively the most adequate plaintiff to lead the Action.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for six years. *See* Declaration of Vincent Coppola, Ex. D ("Movant Declaration"). He resides in Winnipeg, Manitoba, Canada, and possesses a bachelor's degree in accounting. *Id.* Movant is presently employed as a Revenue specialist at People Corporation. *Id.* Therefore, Movant will prosecute the Action vigorously on behalf of the Class.[3]

## II. APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-76 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) (noting that "the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Sallustro v. Canna Vest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. Mar, 19, 2015) (internal quotations omitted). *See also In re Cendant Corp. Litig*., 264 F.3d at 276 ("the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff 's decisions as to counsel

---

[3] Movant's counsel at Levi & Korsinsky formerly had a referral relationship with The Gross Law Firm whereby Levi & Korsinsky issued press releases in the name of The Gross Law Firm and any inquiries or submissions received in response were referred directly to Levi & Korsinsky. This relationship no longer exists and, in any event, played no role in Movant's retention of Levi & Korsinsky. Movant contacted Levi & Korsinsky and retained the firm directly thereafter, as indicated in his accompanying declaration. *See* Declaration of Vincent Coppola, Ex. D at ¶6.

selection and counsel retention. When a properly-appointed lead plaintiff asks the court to approve its choice of lead counsel and of a retainer agreement, the question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal."). Movant retained Levi & Korsinsky. When considering the firm's experience, it is clear that his choice of counsel should be approved.

Levi & Korsinsky is highly experienced in litigating securities fraud class action lawsuits under the PSLRA. *See* Declaration of Vincent Coppola, Ex. E (firm resume). Since 2003 when the firm was founded, Levi & Korsinsky has become a nationally recognized law firm having recovered hundreds of millions of dollars for investors. *See*, *e.g.*, *In re QuantumScape Sec. Litig.*, No. 3:21-cv-00058-WHO (N.D. Cal.) (Levi & Korsinsky secured a $47.5 million settlement); *In re U. S. Steel Consolidated Cases,* No. 2:17-cv-00579-CB (W.D. Pa.) (Levi & Korsinsky obtained a $40 million settlement); *E-Trade Financial Corp. Sec. Litig.*, No. 1:07-cv-08538-JPO-MHD (S.D.N.Y.) (Levi & Korsinsky secured a $79 million recovery). The firm has more than 50 attorneys across five offices nationwide, with nearly half dedicated to prosecuting claims under Section 10(b) of the Exchange Act and Rule 10b-5. The firm has ample resources and capacity to conduct discovery against, and, if necessary, try a case against any sized corporate defendant.

In its most recent annual rankings, Institutional Shareholder Services ranked Levi & Korsinsky as the seventh-leading plaintiffs' securities law firm in the nation and many of the firm's lawyers are highly regarded by fellow practitioners and recognized as leading practitioners by various industry publications. Levi & Korsinsky is routinely appointed as lead and class counsel after reviewing the firm's qualifications and concluding that it is equipped to serve as lead counsel in complex class action matters, such as the one at bar. *See*, *e.g.*, *Gábor v. Transocean Ltd.*, No. 24 Civ. 9964 (AT), 2025 U.S. Dist. LEXIS 77701, at *12 (S.D.N.Y. Apr. 23, 2025) ("Mahoney's

chosen law firm, Levi & Korsinsky, is highly experienced and qualified to represent the class."); *Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522, at *9 (S.D.N.Y. Mar. 25, 2020) (Levi & Korsinsky has "extensive experience litigating securities and shareholder class actions as lead counsel."); *Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) ("Levi & Korskinsky is experienced in securities class action litigation . . . the Court sees no reason not to adhere to Ms. Lokman's choice"); *White v. Nano-X Imaging Ltd.*, No. 20-CV-4355 (WFK)(MMH), 2022 U.S. Dist. LEXIS 143105, at *19 (E.D.N.Y. Aug. 10, 2022) ("After reviewing [Movants'] submission detailing Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class and to protect the interests of the class.") (internal quotations omitted) (collecting cases).

Levi & Korsinsky's representations extend to numerous courts around the country. In every case, the firm's lawyers are committed to doing their very best to represent their clients' interests and recover as much as possible for the benefit of the class. The firm does not take this commitment lightly; indeed, Levi & Korsinsky has and will take cases as far as they need to go to properly represent its clients. For example, after being appointed lead counsel in *In re Tesla, Inc. Securities Litigation*, No. 18-cv-04865-EMC (N.D. Cal.), Levi & Korsinsky spent the next five years litigating the case through discovery, summary judgment, and ultimately trial and appeal. PSLRA trial experience is unique, given that only a few dozen cases under the PSLRA have gone to trial since the statute was enacted 30 years ago. If appointed lead counsel here, the Court can expect the same level of commitment from Levi & Korsinsky going forward.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant to serve as lead plaintiff in the Action; (2) approve Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: October 5, 2026

Respectfully Submitted,

**PRIBANIC & PRIBANIC, LLC**

*/s/ Vincent A. Coppola*
Vincent A. Coppola, Esq.
Penn. Attorney #50181
513 Court Place
Pittsburgh, PA 15219
Tel: (412) 281-8844
Fax: (412) 281-4740
Email: vcoppola@pribanic.com

*Liaison Counsel for Jun Mai and [Proposed] Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Lead Counsel for Jun Mai and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: October 5, 2026

*/s/ Vincent A. Coppola*
Vincent A. Coppola