UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA ARAMOUNI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DATAVAULT AI INC., BRETT MOYER, NATHANIEL T. BRADLEY, and GARY WILLIAMS,<br><br>Defendants. | Case No.: 2:26-cv-05548-JS<br><br>Hon. Juan R. Sánchez<br>District Judge<br><br><u>CLASS ACTION</u> |
| VAN ZENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DATAVAULT AI INC., BRETT MOYER, NATHANIEL T. BRADLEY, and GARY WILLIAMS,<br><br>Defendants. | Case No.: 2:26-cv-07424-JS<br><br>Hon. Juan R. Sánchez<br>District Judge<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF ALFRED TUONO'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. SUMMARY OF THE ACTIONS.....................................................................................3

III. ARGUMENT ......................................................................................................5

A. The Related Actions Should Be Consolidated.....................................................5

B. Mr. Tuono Should Be Appointed Lead Plaintiff ..................................................6

1. The PSLRA Standard for Appointing Lead Plaintiff..................................6

2. Mr. Tuono is the "Most Adequate Plaintiff" ..............................................7

a. Mr. Tuono's Motion is Timely ......................................................7

b. Mr. Tuono Has the Largest Financial Interest in the Relief Sought by the Class.........................................................................7

c. Mr. Tuono Satisfies Fed. R. Civ. P. 23's Typicality and Adequacy Requirements ..............................................................8

C. The Court Should Approve Mr. Tuono's Selection of Counsel ...........................10

IV. CONCLUSION.......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Elkin v. Walter Inv. Mgmt. Corp.*,
No. CV 17-2025,
2017 WL 2547292 (E.D. Pa. June 13, 2017) ........ 8

*Himes v. Five Below, Inc.*,
Nos. 24-3638, 24-4905,
2024 WL 4596235 (E.D. Pa. Oct. 28, 2024) ........ 1

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ........ passim

*In re Herley Ind., Inc.*,
No. 06 Civ. 2596,
2010 WL 176869 (E.D. Pa. Jan. 15, 2010) ........ 10

*O'Meara v. Shift4 Payments, Inc.*,
Nos. 5:23-CV-03206-JFL, 5:23-cv-03969-JFL,
2023 WL 7276491 (E.D. Pa. Nov. 3, 2023) ........ 5

**STATUTES, RULES AND OTHER AUTHORITIES**

15 U.S.C. § 78u-4(a)(1) ........ 6

15 U.S.C. § 78u-4(a)(3)(A) ........ 7

15 U.S.C. § 78u-4(a)(3)(A)(i) ........ 6

15 U.S.C. § 78u-4(a)(3)(B) ........ 1, 6

15 U.S.C. § 78u-4(a)(3)(B)(i) ........ 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........ 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........ 2, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........ 2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........ 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........ 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................ 2, 10

Fed. R. Civ. P. 23 ........................................ passim

Fed. R. Civ. P. 23(a)(3) ........................................ 8, 9

Fed. R. Civ. P. 23(a)(4) ........................................ 9

Fed. R. Civ. P. 42(a) ........................................ 1, 2, 5, 10

Securities Exchange Act of 1934 Section 21D(a)(3)(A)(i) ........................................ 6

Securities Exchange Act of 1934 Section 21D(a)(3)(B) ........................................ 1

Proposed lead plaintiff Alfred Tuono respectfully submits this Memorandum of Law in support of his motion for entry of an order (1) consolidating the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Mr. Tuono as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (3) approving Mr. Tuono's selection of Johnson Fistel, PLLP ("Johnson Fistel") to serve as lead counsel and The Rosen Law Firm, P.A. ("Rosen") as local counsel for the putative class; and (4) granting such other and further relief as the Court may deem just and proper.

## I. INTRODUCTION

Presently pending before this Court are two related federal securities class actions concerning Datavault AI Inc. ("Datavault" or the "Company"): *Aramouni v. Datavault AI Inc., et al.*, No. 2:26-cv-05548-JS (the "*Aramouni* Action"), filed on August 5, 2026, and *Zeng v. Datavault AI Inc., et al.*, No. 2:26-cv-07424-JS (the "*Zeng* Action"), filed on September 25, 2026 (together, the "Related Actions"). The *Aramouni* Action asserts claims under Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission Rule 10b-5 against Datavault, Brett Moyer, Nathaniel T. Bradley, and Gary Williams (together "Defendants"), on behalf of all persons and entities that purchased or otherwise acquired Datavault securities between September 4, 2024 and October 30, 2025, inclusive. The *Zeng* Action expands the class period to September 4, 2024 through August 18, 2026, inclusive (the "Class Period")[1], against the same Defendants, on behalf of all persons and entities that purchased or otherwise acquired Datavault

---

[1] Courts considering lead plaintiff motions "typically accept the longer class period pleaded at this stage of litigation." *Himes v. Five Below, Inc.*, Nos. 24-3638, 24-4905, 2024 WL 4596235, at *5 n.3 (E.D. Pa. Oct. 28, 2024) (citation omitted).

securities during the Class Period (the "Class").

Under the PSLRA, the Court must first decide whether to consolidate similar securities class actions before making a determination on the appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they involve overlapping factual and legal issues. *See* Fed. R. Civ. P. 42(a).

Following consolidation, pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii). In making that determination, the Court must determine which movant timely moved for appointment, has the "largest financial interest" in the relief sought by the Class, and otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig*., 264 F.3d 201, 262–63 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff).

As detailed below, Mr. Tuono satisfies all prerequisites for appointment as lead plaintiff because he: (1) timely filed this motion; (2) has the largest financial interest[2] in the outcome of this action of any known movant; and (3) satisfies Fed. R. Civ. P. 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Mr. Tuono also respectfully requests that the Court approve his selection of Johnson Fistel as lead counsel for the Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Johnson Fistel has substantial

---

[2] Mr. Tuono's transactions in Datavault common stock during the Class Period are set forth in his PSLRA Certification attached as Exhibit A to the Declaration of Olivia Simkins in Support of Mr. Tuono's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Simkins Decl."), filed concurrently herewith. A chart setting forth Mr. Tuono's estimated financial interest is attached as Exhibit B to the Simkins Decl.

experience prosecuting securities class actions and has earned a reputation for excellence in complex shareholder litigation. Likewise, the Court should approve Rosen as local counsel given its experience in shareholder litigation as well as in this Court.

Accordingly, the Court should consolidate the Related Actions, appoint Mr. Tuono as lead plaintiff, and approve his selection of Johnson Fistel as lead counsel and Rosen as local counsel for the Class.

## II. SUMMARY OF THE ACTIONS[3]

Datavault, incorporated in Delaware with principal executive offices in Philadelphia, Pennsylvania, is a technology licensing company focused on data management, valuation, and monetization. The Company has two principal technology platforms: Data Sciences and Acoustic Sciences. Datavault common stock trades on the Nasdaq Capital Market under the ticker symbol "DVLT."

The *Zeng* Action alleges that Defendants made materially false and misleading statements concerning Datavault's business and operations. Among other things, Defendants allegedly overstated the size and nature of Datavault's announced Center for AI and Quantum Computing Excellence, the economic value of Datavault's corporate partnerships with Burke Products, Scilex Holding Company, and Nature's Miracle Holding Inc., and the volume of trading activity on the Datavault Platform, which the *Zeng* Action alleges was minimal. Defendants also allegedly failed to disclose the Company's connections with Edward Withrow III, a convicted felon.

The truth began to emerge on October 31, 2025, when Wolfpack Research published a report questioning, among other things, the economic value of Datavault's announced partnerships, the size and nature of its Center for AI and Quantum Computing Excellence, and the

[3] Unless otherwise noted, the allegations summarized herein are taken from the *Zeng* Action.

level of activity on the Datavault Platform (the "Wolfpack Report"). The Wolfpack Report also raised concerns regarding Defendant Nathaniel T. Bradley's prior SEC charges, $40,000 civil penalty, and three-year prohibition from participating in an offering of penny stock, as well as Company leadership's alleged connections with convicted felon Edward Withrow III. Following publication of the Wolfpack Report, Datavault common stock declined 19.44%, or $0.49 per share, to close at $2.03 per share.

The *Zeng* Action further alleges that Defendants continued to make materially false and misleading statements after publication of the Wolfpack Report concerning Datavault's business prospects, sources of revenue, and capital structure. In February and March 2026, Defendants maintained a $200 million revenue target for fiscal year 2026, represented that substantial doubt regarding Datavault's ability to continue as a going concern had been alleviated, and stated that the Company had "reported its strongest year-end balance sheet ever," including approximately $116 million in working capital. On April 27, 2026, Defendants projected a "$200M+ infusion of cash without equity dilution" and stated that a $120 million Scilex contribution would provide capital "without diluting our shareholders." Six days later, Datavault entered into an agreement to sell 109,090,910 shares of common stock at $0.55 per share, approximately 26% below the May 1, 2026 closing price. Following announcement of the offering, Datavault common stock declined approximately 24.7%, from $0.7438 per share on May 1, 2026 to $0.56 per share on May 4, 2026.

The *Zeng* Action further alleges that Defendants continued to misrepresent the Scilex partnership and the Company's capital and liquidity position. On May 15, 2026, Defendants stated that Datavault had "[s]ecured additional $120 million in non-dilutive funding." On June 4, 2026, however, Defendants described the same funds as "anticipated" from Scilex, but no portion of the $120 million has ever been received.

In August 2026, Datavault failed to proceed with a previously announced Investor Day and removed the related press release from its website. As a result, Datavault common stock fell 23.96%, closing at $0.2825 per share on August 5, 2026. On August 19, 2026, Datavault disclosed that it was still "assembling the technology, infrastructure and strategic capabilities required to bring Datavault AI's platform to market at scale," that "the core platform buildout" remained underway, and that substantial doubt regarding its ability to continue as a going concern had not been alleviated. On this news, Datavault common stock declined approximately 23.40%, from $0.3867 per share on August 18, 2026 to $0.2962 per share on August 19, 2026.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that, when more than one action on behalf of a class asserting substantially the same claim or claims has been filed, the Court shall not appoint a lead plaintiff until after deciding any motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see O'Meara v. Shift4 Payments, Inc.*, Nos. 5:23-CV-03206-JFL, 5:23-cv-03969-JFL, 2023 WL 7276491, at *2 (E.D. Pa. Nov. 3, 2023).

Here, the Related Actions name the same Defendants and present substantially overlapping factual and legal issues arising out of the same alleged course of misconduct, with the *Zeng* Action expanding the alleged Class Period. *O'Meara*, 2023 WL 7276491, at *2–3 (consolidating related securities actions where the later-filed complaint alleged a broader class period and the actions were "premised on the same wrongdoing" and would "turn on common questions of law and fact"). Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

### B. Mr. Tuono Should Be Appointed Lead Plaintiff

Mr. Tuono respectfully submits that he should be appointed lead plaintiff because he is the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

#### 1. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA establishes the procedure for appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA requires the Court to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff," *i.e.*, the movant the Court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In deciding a lead plaintiff motion, the Court must "adopt a presumption that the most adequate plaintiff" is the movant that: (1) filed a complaint or made a timely motion to serve as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cendant,* 264 F.3d at 262–63. This

presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cendant*, 264 F.3d at 268.

**2. Mr. Tuono is the "Most Adequate Plaintiff"**

Mr. Tuono is the presumptive "most adequate plaintiff" because he timely filed this motion, has the largest financial interest of any known movant, and satisfies Fed. R. Civ. P. 23's typicality and adequacy requirements.

**a. Mr. Tuono's Motion is Timely**

Mr. Tuono filed this motion to serve as lead plaintiff in a timely manner. On August 5, 2026, notice regarding the pendency of the *Aramouni* Action was published on ACCESS Newswire, a widely circulated, national, business-oriented wire service, advising investors of the claims asserted in the *Aramouni* Action and the 60-day deadline to move for appointment as lead plaintiff on October 5, 2026. *See* Simkins Decl., Ex. C; 15 U.S.C. § 78u-4(a)(3)(A). Because Mr. Tuono filed this motion within the required time frame, Mr. Tuono has satisfied the PSLRA's procedural requirements.

**b. Mr. Tuono Has the Largest Financial Interest in the Relief Sought by the Class**

Mr. Tuono should be appointed lead plaintiff because he has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with the largest financial interest in the relief sought by the class." *Cendant*, 264 F.3d at 262 (citation omitted).

Here, Mr. Tuono suffered approximately $191,775 in losses in connection with his

transactions in Datavault common stock during the Class Period. *See* Simkins Decl., Exs. A–B. To the best of his counsel's knowledge, no other movant seeking appointment as lead plaintiff has a larger financial interest in the outcome of the action.

Accordingly, Mr. Tuono has the largest financial interest of any known movant and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Elkin v. Walter Inv. Mgmt. Corp.*, No. CV 17-2025, 2017 WL 2547292, at *4 (E.D. Pa. June 13, 2017) (finding that, "[b]y establishing that he has the largest financial interest and 'otherwise satisfies' the relevant Rule 23 factors," the movant is the presumptive lead plaintiff).

**c. Mr. Tuono Satisfies Fed. R. Civ. P. 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest, the PSLRA requires the purported lead plaintiff to "otherwise satisf[y] the requirements of [Fed. R. Civ. P. 23]." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Cendant*, 264 F.3d at 263 (citation omitted). At this stage, the Fed. R. Civ. P. 23 analysis "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263.

Pursuant to Fed. R. Civ. P. 23(a)(3), the claims or defenses of the representative party must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In determining typicality, courts consider "whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (citation omitted and cleaned up).

Here, Mr. Tuono satisfies the typicality requirement. Like all Class members, Mr. Tuono: (1) transacted in Datavault common stock during the Class Period; (2) purchased those shares at prices allegedly artificially inflated by defendants' materially false and misleading statements

and/or omissions; and (3) suffered losses when the truth was revealed. Thus, Mr. Tuono's shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy typicality under Fed. R. Civ. P. 23(a)(3).

Pursuant to Fed. R. Civ. P. 23(a)(4), the representative party must demonstrate that they will "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). In assessing adequacy, courts consider whether: (1) the movant "has the ability and incentive to represent the claims of the class vigorously"; (2) the movant "has obtained adequate counsel"; and (3) "there is a conflict between the movant's claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (citation omitted and cleaned up).

Mr. Tuono satisfies these adequacy requirements. Mr. Tuono's interests are aligned with those of the other Class members, and there is no evidence of any antagonism between Mr. Tuono and the Class or that Mr. Tuono is subject to any unique defenses that would render him incapable of adequately representing the Class. Mr. Tuono also suffered substantial financial harm due to Defendants' alleged misrepresentations and omissions during the Class Period and, therefore, has a sufficient interest in the outcome of the action to ensure vigorous prosecution of the litigation.

In addition, Mr. Tuono submitted a sworn PSLRA certification confirming his willingness to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary. *See* Simkins Decl., Ex. A.

Mr. Tuono has also demonstrated his adequacy by selecting Johnson Fistel as proposed lead counsel and Rosen as local counsel for the Class. As discussed further below, Johnson Fistel is highly qualified and experienced in litigating securities class actions and complex shareholder litigation. Likewise, Rosen has experience in shareholder litigation as well as in this Court.

All of these factors sufficiently evidence Mr. Tuono's satisfaction of Fed. R. Civ. P. 23's

requirements and his capacity and willingness to serve as lead plaintiff.

**C. The Court Should Approve Mr. Tuono's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cendant*, 264 F.3d at 276 ("The [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06 Civ. 2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010) (Sánchez, J.). Mr. Tuono respectfully submits that his selection of Johnson Fistel as lead counsel and Rosen as local counsel should be approved.

Johnson Fistel has significant experience prosecuting securities class actions and shareholder litigation, and the firm and its attorneys have achieved substantial recoveries for investors in this District and throughout the country. *See* Simkins Decl., Ex. D. In addition, Rosen has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Simkins Decl., Ex. E.

Based on these qualifications, the Court may be assured that the members of the Class will receive high-quality representation from Johnson Fistel and Rosen if this motion is granted. Accordingly, the Court should approve Mr. Tuono's selection of Johnson Fistel as lead counsel and Rosen as local counsel for the Class.

**IV. CONCLUSION**

For the reasons discussed above, Mr. Tuono respectfully requests that the Court: (1) consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Mr. Tuono to serve

as lead plaintiff for the Class pursuant to the PSLRA; (3) approve his selection of Johnson Fistel as lead counsel and Rosen as local counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 5, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Olivia Simkins*
Olivia Simkins

101 Greenwood Avenue, Suite 520
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
E-mail: osimkins@rosenlegal.com

*Local Counsel for Proposed Lead Plaintiff Alfred Tuono*

**JOHNSON FISTEL, PLLP**
Scott M. Koren
620 Fifth Avenue, 2nd Floor
New York, NY 10020
Telephone: (212) 292-5690
Facsimile: (619) 363-8326
E-mail: ScottK@johnsonfistel.com

**JOHNSON FISTEL, PLLP**
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (619) 363-8326
E-mail: MichaelF@johnsonfistel.com

*Counsel for Proposed Lead Plaintiff Alfred Tuono and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The foregoing is available for viewing and downloading from the ECF System, and notification of such filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Olivia Simkins*
Olivia Simkins