**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLA ARAMOUNI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DATAVAULT AI INC., BRETT MOYER, NATHANIEL T. BRADLEY, and GARY WILLIAMS,<br><br>Defendants. | Case No. 2:26-cv-05548-JS<br><br>CLASS ACTION |
| VAN ZENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DATAVAULT AI INC., BRETT MOYER, NATHANIEL T. BRADLEY, and GARY WILLIAMS,<br><br>Defendants. | Case No. 2:26-cv-07424<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I. INTRODUCTION

Presently pending in this District are two class action lawsuits brought on behalf of Datavault AI, Inc. ("Datavault AI" or the "Company") investors against Datavault AI and certain of its senior officers for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Aramouni v. Datavault AI, Inc. et al*., No. 2:26-cv-05548-JS (filed August 5, 2026); and (2) *Zeng v. Datavault AI, Inc., et al.*, No. 2:26-cv-07424 (filed September 25, 2026) (together, the "Related Actions").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 *et seq.*, Mahipal Padigela and Gregory Schneck (together, the "Investor Group" or "Movant") move this Court for consolidation of the Related Actions, appointment as lead plaintiff, and approval of the Investor Group's selection of Schall, Brown & Schwartz LLP as lead counsel.

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they involve common questions of law and fact, and assert similar claims against identical defendants on behalf significantly overlapping putative classes. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Investor Group respectfully submits that it should be appointed to serve as Lead Plaintiff on behalf of the putative class because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) is typically of the other members of the putative class and will adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Investor Group's selection of Schall, Brown & Schwartz to serve as lead counsel should be approved because the Firm possesses extensive experience

prosecuting securities class actions and will adequately represent the interests of all class members. Accordingly, the Investor Group should be appointed as Lead Plaintiff and its selection of counsel should be approved.

## II. FACTUAL BACKGROUND[1]

Datavault AI, previously known as WiSA Technologies, Inc., is a technology licensing company that owns a portfolio of patented, secure platforms designed to redefine how data is managed, valued, and monetized in the modern era. Leveraging the Company's proprietary high-performance computing ("HPC") capabilities and software, Datavault AI's technology offerings are purportedly designed to ensure data ownership immutability, experiential data observability, precise data asset valuation, and secure monetization. "Datavault AI has two synergistic platforms—Data Sciences and Acoustic Sciences—that [its] executive leadership is focusing on as key drivers of future revenue growth."

The Related Actions allege that Defendants made false and misleading statements and omitted to disclose material information throughout the Class Period (defined below) about the Company's business, operations, and compliance policies. Specifically, the Related Actions allege that Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants had overstated the size and nature of its announced "Center for AI and Quantum Computing Excellence"; (ii) Defendants had overstated the economic value to Datavault AI of its various corporate partnerships; (iii) Defendants had overstated the volume of trading activity on the Datavault Platform, which was in fact minimal; (iv) the Company's undisclosed connections with Edward Withrow III, a convicted felon, when revealed, would cause Datavault AI to incur reputational harm; (v) Defendants had misrepresented the Company's working capital and liquidity position, and the Company's ability to continue as a going concern had not been alleviated; and (vi) as a result, Defendants' public statements were materially false and misleading at all relevant times.

The truth about Defendants' fraud was revealed through corrective disclosures made on and between October 31, 2025, May 3, 2026, May 15, 2026, August 4, 2026, and August 19,

[1] All facts taken from the complaints filed in *Aramouni* (ECF 1) and (2) *Zeng* (ECF 1).

2026. In response to these corrective disclosures, the price of Datavault AI common stock fell precipitously as the artificial inflation caused by Defendants' unlawful conduct was removed from Datavault AI's stock price.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, the Investor Group and other proposed Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Burton v. Ozburn Hessey Logistic*, 615 F. App'x 84, 87 (3d Cir. 2015) ("As the District Court explained, under Fed.R.Civ.P. 42(a), it has discretion to consolidate actions involving 'a common question of law or fact.'"). Each of the Related Actions presents substantially similar factual and legal issues, as they both allege violations of Sections 10(b) and 20(a) of the Exchange Act, present the same or similar theories for recovery, and are based on the same allegedly wrongful course of conduct. Specifically, each action asserts that Datavault AI and its senior executives made materially false and misleading statements or omissions regarding the Company's business, operations, and compliance policies, as described above. As such, the Related Actions present virtually identical factual and legal issues arising out of the same alleged misconduct by overlapping defendants during substantially overlapping class periods.[2]

[2] The differences in the end dates of the proposed class periods will be reconciled by the lead plaintiff upon the filing of a consolidated complaint. For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," the Investor Group uses the broadest and most inclusive alleged class period – the class period alleged in *Zang*. *See Reid v. Hemispherx Biopharma, Inc.*, 2010 WL 11707722, at *2 (E.D. Pa. Feb. 12, 2010) (stating upon consideration of lead plaintiff motions that, "[a]t this stage in the litigation, I will accept the longest class period pleaded in the [related] complaints."). *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig*., 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members.").

Because these Related Actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Rule 42(a) is appropriate. *See Ortiz v. United States Steel Corp.*, 2017 WL 3503142, at *1 (W.D. Pa. Aug. 16, 2017) ("securities class actions are well-suited to consolidation pursuant to Fed. R. Civ. P. 42(a)").

### B. The Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting the lead plaintiff in class actions arising under the federal securities laws. *See* 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the plaintiff who files the action must publish a notice within twenty days of filing the action informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, the PSLRA provides that the Court shall consider any timely motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice ...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

#### 1. The Investor Group's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within sixty days of the publication of notice that the first action asserting substantially the same claims

has been filed. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). On August 5, 2026, Plaintiff Carla Aramouni filed the first of the Related Actions. *See Aramouni*, ECF 1. On the same day, counsel for Aramouni published a notice on *ACCESS Newswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by October 5, 2026. *See* Dell'Angelo Decl. Ex. A.[3] Accordingly, the Investor Group satisfies the PSLRA's sixty-day requirement and its Motion is timely.

**2. The Investor Group Has the Largest Financial Interest in the Relief Sought by the Proposed Class**

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). As shown by the PSLRA certifications and the loss charts submitted by the Investor Group, the Investor Group purchased 419,853 shares of Datavault AI common stock during the period from September 4, 2024 through August 18, 2026, inclusive (the "Class Period") and suffered a loss of approximately $279,414 as calculated on a LIFO basis. *See* Dell'Angelo Decl., Exs. B and C. To the best of the Investor Group's counsel's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Therefore, the Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest of any qualified movant seeking Lead Plaintiff status.

**3. The Investor Group Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u 4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). On a motion to serve as lead plaintiff, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re*

[3] The deadline to move for Lead Plaintiff did not change upon the filing of the *Zang* complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published[.]").

*Cendant*, 264 F.3d 201, 263 (3d Cir. 2001) (finding that at the lead plaintiff stage, movants are only required to make a "*prima facie* showing of typicality and adequacy").

The Investor Group's claims are typical of the claims of other Class members. The typicality requirement is satisfied if the movant's claims are not "markedly different" than those of other Class members and the legal theories upon which those claims are based do not differ. *Id*. at 265; *see also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001), *as amended* (Oct. 16, 2001) ("If the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of factual differences."). The Investor Group satisfies the typicality requirement because, like all other proposed Class members, it purchased Datavault AI securities during the Class Period at prices that were artificially inflated through Defendants' alleged false and misleading statements and thereby suffered damages. Indeed, the Investor Group's claims arise from the same facts and involve substantially the same legal arguments as those of the other Class members. *See In re Cendant*, 264 F.3d at 265. Thus, the Investor Group's claims are typical of those of other members of the proposed Class.

The Investor Group likewise satisfies the adequacy requirement of Rule 23. "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Id*. (citations and internal quotations omitted). The Investor Group satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the claims of the proposed Class. The Investor Group's interests are directly aligned with those of the other members of the proposed Class and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Investor Group and other members of the proposed Class.

Further demonstrating their ability to litigate this case in the best interests of the proposed Class, the Investor Group submitted a Joint Declaration, which describes the group and affirms the Investor Group's understanding of the duties owed to the proposed Class. *See* Dell'Angelo

Decl., Ex. D ¶¶4-13. Through the Joint Declaration and their certifications, the members of the Investor Group have demonstrated that they understand and accept the fiduciary obligations they will assume if appointed as Lead Plaintiffs and will zealously represent the interests of all members of the proposed Class. *See id*.

The Investor Group has also demonstrated their adequacy through its selection of Schall, Brown & Schwartz as Lead Counsel to represent the proposed Class in this case. As discussed more fully below, Schall, Brown & Schwartz lawyers are highly qualified and experienced in securities class action litigation and have repeatedly demonstrated an ability to conduct such litigation effectively. Accordingly, as demonstrated herein, the Investor Group satisfies the typicality and adequacy requirements of Rule 23.

### C. The Court Should Approve the Investor Group's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc*., 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Here, the Investor Group has selected Schall, Brown & Schwartz as Lead Counsel to represent the proposed Class. Schall, Brown & Schwartz's attorneys are highly experienced in litigating complex securities class actions. The firm's practice is devoted to representing investors in federal securities litigation, and its attorneys work alongside investigators, forensic accountants, and damages analysts on every case, as needed. *See* Dell'Angelo Decl., Ex. E. They have led or played a critical role in securing billions of dollars in recoveries in securities fraud class actions including, among others, *In re UnitedHealth Grp. Inc. PSLRA Litig*., No. 06-CV-1691 (D. Minn.) ($895 million recovery); *Bennett v. Sprint Nextel Corp.*, Case 3:26-cv-04385-GPC-AHG No. 2:09-cv-2122 (D. Kan.) ($131 million recovery); *Local 703, I.B. of T. Grocery and Food Employees Welfare Fund v. Regions Fin. Corp*., No. 2:10-cv-02847-KOB (N.D. Ala.) ($90 million recovery); *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig*., No. 2:09-cv-1558 (D. Nev.) ($75 million

recovery). Those results were obtained against some of the largest and most well-funded defense firms in the country, on records built through contested discovery, class certification, and summary judgment briefing.

Based upon Schall, Brown & Schwartz's extensive experience and its attorneys proven track record as lead and co-lead counsel in securities class actions, the Investor Group's selection of Schall, Brown & Schwartz as Lead Counsel should be approved. The class will be well-represented by counsel that has recovered billions of dollars for defrauded investors, and a firm that has the financial and professional resources to prosecute this action to judgment.

Accordingly, the Court should approve the Investor Group's selection of Lead Counsel for the proposed Class.

## IV. CONCLUSION

For all the foregoing reasons, the Investor Group respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the Investor Group as Lead Plaintiff; (iii) approve its selection of Schall, Brown & Schwartz to serve as Lead Counsel for the proposed Class; and (iii) grant any such further relief as the Court may deem just and proper.

DATED: October 5, 2026

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo

**BERGER MONTAGUE PC**
Michael Dell'Angelo
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bergermontague.com
aabramowitz@bergermontague.com

*Local Counsel for Proposed Lead Plaintiff the Investor Group and the Class*

**SCHALL, BROWN & SCHWARTZ LLP**
Andrew J. Brown
Brian O. O'Mara
501 W. Broadway, Suite 1490
San Diego, CA 92101
Telephone: (310) 301-3335
andrew@schallfirm.com
omara@schallfirm.com

**SCHALL, BROWN & SCHWARTZ LLP**
Brian J. Schall
Adam Rosen
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
adam@schallfirm.com

*Counsel for Proposed Lead Plaintiff the Investor Group and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, Michael Dell'Angelo, hereby certify that on October 5, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record registered in the CM/ECF system.

Executed October 5, 2026, at Philadelphia, Pennsylvania.

*s/ Michael Dell'Angelo*
Michael Dell'Angelo